Filed 6/21/23  P. v. Jones CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B324588 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA001430) |
| v. | |
| MAURICE DEVON JONES, | |
| Defendant and Appellant. | |

THE COURT:*

Defendant and appellant Maurice Devon Jones (defendant) appeals from the denial of his petition for vacatur of his convictions of murder and attempted murder and for resentencing under Penal Code section 1172.6.[1]  Defendant's

---

[1]      Defendant's petition was filed as a petition under section 1170.95, but heard and decided after the effective date of the statute's renumbering as 1172.6.  (See Stats. 2022, ch. 58, § 10.)

appointed counsel found no arguable issues and filed a brief requesting we exercise our discretion to conduct an independent review of the record or in the alternative, a review as set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Following the standard articulated in *Delgadillo*, we consider defendant's supplemental brief and conduct a limited review of the record. (See *id.*, at pp. 230–232.) Finding no merit to defendant's appeal, we affirm the judgment.

## BACKGROUND

In 1992, defendant was convicted of one count of second degree murder and one count of attempted murder. The jury found true that defendant personally used a firearm within the meaning of section 12022.5, and that defendant intentionally inflicted great bodily injury upon the victim in count 2 within the meaning of section 12022.7. In addition, the jury found the attempted murder was willful, deliberate and premeditated. Defendant admitted the one-year prior prison term allegation pursuant to former section 667.5, subdivision (b). On March 19, 1992, defendant was sentenced to life in prison as to count 2, the base term, plus a consecutive term of 15 years to life as to count 1, plus seven years due to the firearm and great bodily injury enhancements. The judgment was affirmed in *People v. Jones* (Sept. 29, 1993, B067036) [nonpub. opn.].

After defendant's conviction, the Legislature passed Senate Bill No. 1437 (2017–2018 Reg. Sess.), which amended sections 188 and 189, the laws pertaining to felony murder and murder

---

All further unattributed code sections are to the Penal Code unless otherwise stated.

2

under the natural and probable consequences doctrine, "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The Legislature passed former section 1170.95, now section 1172.6, which provides a procedure to petition for retroactive relief for those who could not now be convicted under sections 188 and 189 as amended effective January 1, 2019. (See *People v. Lewis* (2021) 11 Cal.5th 952, 957.) That procedure now extends to those convicted of attempted murder under the natural and probable consequences doctrine, as well as any "other theory under which malice is imputed to a person based solely on that person's participation in a crime." (§ 1172.6, subd. (a); see Stats. 2021, ch. 551, § 2.)

On March 11, 2022, defendant filed a petition to vacate his murder conviction and for resentencing under the statute. Defendant's petition set forth the three conditions to eligibility for resentencing: (1) he was charged with murder under a theory of felony murder or the natural and probable consequences doctrine; (2) he was convicted of murder; and (3) he could not presently be convicted of murder because of changes to section 189, effective January 1, 2019. (See § 1172.6, subd. (a).) The parties and the court proceeded with the assumption that the petition encompassed defendant's attempted murder conviction as well.

After counsel was appointed for defendant, the prosecutor filed opposition to the section 1172.6 petition, including as exhibits the jury instructions and verdicts in defendant's 1992 trial. Defendant filed a reply, and at the hearing to determine

3

prima facie eligibility, both sides submitted the matter on their briefs without argument. The trial court found defendant was ineligible for resentencing as a matter of law and denied the petition on October 20, 2022.

Defendant filed a timely notice of appeal from the court's order.

## DISCUSSION

After examination of the record, appointed counsel filed an opening brief raising no issues. Where, as here, appointed counsel finds no arguable issues in an appeal that is not from the first appeal after conviction, we are not required to conduct an independent review of the record. (See *Delgadillo, supra*, 14 Cal.5th at p. 226.) However, even if we do not independently review the record to identify unraised issues in such a case, we give the defendant the opportunity to file his or her own supplemental brief or letter and we then evaluate any specific arguments raised. (See *id.*, at p. 232.)

Here, counsel provided defendant with a copy of the record on appeal and informed him of his right to file his own supplemental brief. We notified defendant of counsel's brief, gave him 30 days to file his own letter or brief stating any grounds for an appeal, contentions, or arguments that he wished to be considered, and advised him that if no supplemental brief or letter is timely filed the court may dismiss the appeal as abandoned. Defendant has filed a supplemental brief within the time allowed and has asserted that his low I.Q. and illiteracy should have been alleged in the petition. It is not clear whether defendant is asking this court to conduct an independent review due to his circumstances, or whether he is asking that the matter

4

be remanded to have the trial court consider them. Whether or not there is a procedure in the law to revisit defendant's sentence due to his circumstances, there is no provision in section 1172.6 for vacatur of his convictions on this ground, and defendant has cited no authority otherwise. We therefore conclude defendant has raised no arguable issue regarding section 1172.6 or the order which is the subject to this appeal. We are not required to undertake an independent review of the record in search of arguable issues. (*Delgadillo, supra*, 14 Cal.5th at p. 226.)

We "can readily confirm that . . . defendant is ineligible for relief as a matter of law without conducting an independent review of the entire record." (*Delgadillo*, *supra*, 14 Cal.5th at p. 230.) During the prima facie review, if the record of conviction contains facts refuting the allegations of the petition as a matter of law, no prima facie showing can be made, and the petition is properly denied. (*People v. Lewis*, *supra*, 11 Cal.5th at p. 971.) For example, if the record shows no jury instructions were given regarding felony murder or the natural and probable consequences doctrine, or that petitioner was the actual perpetrator who acted with malice aforethought, he is ineligible for relief as a matter of law. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52–53, 55–56.)

As done in the trial court, we have reviewed the jury instructions included with the prosecutor's response to the petition, and we have found no instructions regarding the felony murder rule, the natural and probable consequences doctrine, or

imputed malice.[2]  Furthermore, as noted below, the trial judge crossed out all language from CALJIC Nos. 8.10 and 8.11 relating to a killing in the course of participating in another crime.  In addition the court below noted the jury found defendant guilty of second degree murder which was defined for the jury as unpremeditated murder committed with express malice aforethought, which in turn was defined as intent to kill.

The instructions and verdicts demonstrate defendant was the actual perpetrator who acted with intent to kill and is thus ineligible for relief under section 1172.6 as a matter of law.  (See *People v. Harden, supra*, 81 Cal.App.5th a pp. 55–56.)  There was no error in the denial of the petition.

### DISPOSITION

The order denying the section 1172.6 petition is affirmed.

NOT TO BE PUBLISHED.

---

*ASHMANN-GERST, Acting P. J.   CHAVEZ, J. HOFFSTADT, J.

---

[2]     We note there is an instruction regarding aiding and abetting which possibly indicates an accomplice, but nothing more.